the case on that precise theory. In the colloquy, following the motion for a nonsuit at the close of plaintiff's case, her counsel said: " At this time    *    *    * so there may be no question on the proposition of the standing of the plaintiff in this case, our position is this. We claim under our complaint, and we claim here in this action, that this action is brought and maintained and based upon the nuisance *erected* by the defendant, Federal Telephone and Telegraph Company, and the omission and failure on the part of the New York Telephone Company *to abate the nuisance after it came into its possession.*" The case seems to me clearly to have been submitted to the jury also on that theory, though a few scattered statements in the charge torn from their context may be tortured into something different. The evidence leaves no reasonable doubt that the nuisance, if there was one, was created, not by the Federal Company, but by the Buffalo General Electric Company which placed *its* highly charged electric wires in close proximity to the Federal Company's wires, long after the latter were installed. It is now sought to sustain the verdict on the theory that the Federal Company *maintained,* after actual or constructive knowledge of its existence, a nuisance created by the act of a third party. As the record stands there is evidence which might have warranted a verdict on that theory; but that evidence is in the case, and properly so, only as tending to support the original claim that a nuisance created by the Federal Company continued until the property was conveyed to the New York Company. The Federal Company had the right to rely upon the allegations in the amended complaint and upon the explicit statement of counsel on the trial. It was not called upon to meet a claim which was not then made. Moreover, as stated above, the claim now made was not submitted to the jury. If it had been, an exception thereto would have been good. (*Piper* v. *N. Y. St. Rys.*, 185 App. Div. 184.) Under the circumstances of this case, I think the judgment against both defendants should be reversed and a new trial granted, with costs to abide the event. (*Piper* v. *N. Y. St. Rys., supra.*) Clark, J., concurs.

---

In the Matter of the Petition of the TOWN BOARD and BOARD OF HIGHWAY SUPERINTENDENTS OF THE TOWN OF WEST SENECA, ERIE COUNTY, Respondents, under Sections 91 and 95-a of the Railroad Law,* for an Order Determining that the Crossing at Grade of the Union Road Highway and the WESTERN NEW YORK AND PENNSYLVANIA RAILWAY (Leased to and Operated by the PENNSYLVANIA RAILROAD COMPANY) in Said Town Shall Be Changed from Grade. WESTERN NEW YORK AND PENNSYLVANIA RAILWAY COMPANY and Another, Appellants; PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. (Case 900.) — Order affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MABEL PICKLE, Respondent, v. THE SHERIFF OF ERIE COUNTY, Defendant. HENRY PICKLE and Another, Appellants.† — Appeal dismissed on the authority of *People ex rel. Shane* v. *Gittens*

---

* See Railroad Law, § 91, as amd. by Laws of 1921, chap. 698; Id. § 95-a, added by Laws of 1921, chap. 663, as amd. by Laws of 1924, chap. 481.— [REP.

† See *People ex rel. Pickle* v. *Pickle (ante,* p. 38).— [REP.